UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CENTRIX FINANCIAL LIQUIDATING TRUST and JEFFREY A. WEINMAN in his capacity as Trustee for the Centrix Liquidating Trust, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 4:12-MC-624-JAR |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AIG DOMESTIC CLAIMS, INC., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This miscellaneous matter is before the Court on Defendants National Union Fire Insurance Company and AIG Domestic Claims, Inc.'s (collectively referred to as "National Union") Motion to Compel 30(b)(6) Deposition of Lyndon Property Insurance Company [ECF No. 1] and Lyndon Property Insurance Company's ("Lyndon") Motion to Quash. [ECF No. 5] The motions are fully briefed and ready for disposition. For the following reasons, National Union's motion to compel will be granted and Lyndon's motion to quash will be denied.

**Background**

This matter concerns an adversary proceeding brought by the Centrix Financial Liquidating Trust and Trustee Jeffrey Weinman ("Plaintiffs") against National Union in the United States Bankruptcy Court for the District of Colorado. Plaintiffs seek coverage under a

1

fidelity bond issued to Centrix Financial, LLC ("Centrix") by National Union on May 29, 2006, which provided coverage to Centrix for direct loss caused by the fraudulent or dishonest acts of its employees. (Doc. No. 1-3) Plaintiffs allege that certain Centrix officers defrauded Centrix of millions of dollars, which losses are covered under the bond.

Under the terms of the bond, a covered loss must have been "discovered" during the coverage period and reported to National Union within sixty days of discovery. Plaintiffs allege that Centrix discovered the loss when it was sued by non-party Lyndon Property Insurance Company ("Lyndon") on February 7, 2007, [1] yet the Lyndon lawsuit alleges Lyndon communicated the fraud to Centrix in October 2006. (Doc. No. 1-4, ¶ 37)

On June 13, 2012, National Union served a Rule 30(b)(6) notice of deposition and subpoena on Lyndon seeking to ascertain when Lyndon first became aware of the factual allegations alleged in the Lyndon lawsuit.[2] The subpoena called for deposition testimony on five topics: (1) when Lyndon became aware of the facts alleged in the Lyndon lawsuit; (2) the documents Lyndon relied on in drafting the allegations in the Lyndon lawsuit; (3) communications between Lyndon and Centrix concerning or relating to the allegations in the Lyndon lawsuit; (4) communications between Lyndon and the Committee of Unsecured Creditors for Centrix Financial concerning or relating to the allegations in the Lyndon lawsuit; and (5) Lyndon's knowledge of the Fidelity Bond. (Doc. No. 1-7)

On October 5, 2012, Lyndon served National Union with objections to the deposition

---

[1] Lyndon Property Ins. Co. v. Centrix Financial LLC, et al., Case No. 07-01064-EEB (Feb. 7, 2007)

[2] A copy of the subpoena and notice of Rule 30(b)(6) Deposition is attached to Plaintiffs'

2

topics on the grounds that (1) the requested testimony is duplicative of information already provided in this case; (2) providing the requested testimony would be unduly burdensome, particularly given Lyndon's third-party status in this case; and (3) the testimony sought is protected by the attorney-client privilege. (Doc. No. 1-8) Subject to its objections, Lyndon agreed to produce a witness to testify on the first and fifth topics. National Union filed the instant motion to compel because Lyndon's objections did not allow it to obtain the information necessary for its defenses. (Doc. No. 1, p. 5)

**Legal Standard**

District courts are accorded wide discretion in dealing with discovery matters See Cook v. Kartridg Pak Co., 840 F.2d 602, 604 (8th Cir.1988). Moreover, "[d]iscovery rules are to be 'broadly and liberally construed' in order to serve the purpose of discovery which is to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." Gladfelter v. Wal–Mart Stores, Inc., 162 F.R.D. 589, 590 (D.Neb .1995). Under Rule 26, parties are entitled to discovery of any information that appears "reasonably calculated to lead to the discovery of admissible evidence." Degen v. United States, 517 U.S. 820, 825–826, 116 S.Ct. 1777, 1782 (1996) (quoting Fed.R.Civ.P. 26(b)(1)). "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Gladfelter, 162 F.R.D. at 590. Further, even if a broad request yields some evidence that would not be admissible, such a request would not be barred, so long as there as any possibility that the information sought may be relevant to the subject matter involved. See Rolscreen Co. v. Pella Products of St. Louis, Inc., 145 F.R.D. 92, 95

---

Motion to Compel. (Doc. No. 1-7)

(S.D. Iowa 1992) (citations omitted).

Discovery sought via a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permissible under Rule 26(b). In determining whether to enforce a Rule 45 subpoena, the issuing court must consider whether the subpoena subjects the person to an "undue burden." Fed.R.Civ.P. 45(c)(1), (c)(3)(A)(iv). This "undue burden" factor is "designed to track Rule 26(c), the principal protective order provision applicable in federal discovery." In re NCAA Student-Athlete Name & Likeness Licensing Litigation, 2012 WL 4856968, at *2 (E.D.Mo. Oct. 12, 2012) (quoting CitiMortgage, Inc. v. NL, Inc., 2012 WL 1344994, at *1 (E.D.Mo. April 18, 2012) (quoting Fed.R.Civ.P. 45, Advisory Committee Notes, Commentary 22)). As such, in determining whether the subpoenaed person would be subject to "undue burden," the court looks to the protections provided in Rule 26(c) in determining whether there are grounds to quash or modify the subpoena under Rule 45. Id. "[T]he factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Id. (citing Plant Genetic Systems, N.V. v. Northrup King Co., Inc., 6 F.Supp.2d 859, 861 (E.D.Mo.1998)).

**National Union's arguments**

In its motion to compel, National Union rejects Lyndon's attempts to cast itself as a disinterested non-party and urges the Court to consider Lyndon's objections in light of its longstanding business relationship with Centrix and direct interest in this litigation. National Union emphasizes that Lyndon, as an unsecured creditor for $165 million in the underlying bankruptcy action, is a primary beneficiary of any recovery from National Union in this case.

4

Moreover, Lyndon has obtained an agreement from the Trustee that $11 million of its claim is "allowed" under the terms of the Chapter 11 plan entered by the Bankruptcy Court. (Doc. No. 1, pp. 6-7)

National Union asserts that Lyndon's testimony is not duplicative of information already produced in this case. Despite Lyndon's understanding that National Union has access to Centrix documents that would likely be the best evidence of when Lyndon may have become aware of any particular fact (Doc. No. 1-8, p. 4), the Trust claims to be unaware of any information known to Centrix at the time the Lyndon suit was filed, and the Trustee testified on deposition that he had no knowledge of the Lyndon lawsuit, or how the allegations in the Lyndon lawsuit contributed to Centrix's discovery of a covered loss. (Doc. No. 1, p. 8)

National Union further argues that Lyndon fails to meet its heavy burden of proving that the Rule 30(b)(6) subpoena is unduly burdensome. (Id., pp. 7-11) First, the Colorado Bankruptcy court has already held that Lyndon has "relevant, discoverable information," and that "defendants need a .. . . deposition of a [Lyndon] designee" regarding "knowledge of the allegations in the Lyndon lawsuit or any communications with Centrix about those allegations prior to the filing of the lawsuit." (Doc. No. 1-1, pp. 2, 4) Next, National Union claims a significant need for Lyndon's testimony in that it has exhausted discovery from Plaintiffs and still has no answer to the dispositive question of what facts came to light in connection with the Lyndon lawsuit that were not previously known. (Doc. No. 1, p. 10) Finally, National Union asserts that it has limited its inquiry to the facts and circumstances surrounding the lawsuit Lyndon filed in February 2007 and Lyndon's knowledge of the Fidelity Bond. Responding to questions on these narrow topics will not, as Lyndon implies, require it to review the entire

5

history of its relationship with Centrix because National Union has only asked Lyndon to testify regarding the facts it learned in a discrete time period leading up to February 2007. (Id.)

Lastly, National Union argues the testimony it seeks is not protected by the attorney-client privilege since it is well established that a party is entitled to discovery of the documents that support the allegations in a complaint, citing Fed.R.Civ.P. 26(a)(1)(A)(ii); Fed.R.Civ.P. 26(b)(1); Federal Procedure, Lawyers Edition § 26:127(2012) ("[A]n interrogatory calling for a description of all documents relied uon to support certain allegations contained in the complaint is not improper."). (Id., p. 11) With regard to Lyndon's privilege objections to the third and forth Rule 30(b)(6) topics - communications between Lyndon and Centrix and between Lyndon and the Committee of Unsecured Creditors for Centrix Financial - National Union contends these communications cannot be privileged because they necessarily included third parties, namely, Centrix and/or the Creditors' Committee. (Id., p. 12)

**Lyndon's arguments**

In opposition to National Union's motion to compel and in support of its motion to quash, Lyndon argues that when it learned of the facts giving rise to the allegations in its complaint (Lyndon lawsuit) is not relevant to establish Centrix's knowledge of the fraud; rather, what is relevant is when Centrix learned of it. (Doc. No. 5, pp. 9-10) Lyndon further asserts that its complaint was the product of outside counsel's investigation following the Centrix bankruptcy, which is work product/attorney-client privileged information. (Id., pp. 10-11, 14) Lyndon argues that given the passage of time, it would be unduly burdensome to require it to reconstruct the documentary basis for its complaint, particularly in light of the "tens of thousands" of Centrix documents already produced in this case. (Id., pp. 7-8, 10-13) Lyndon also contends that

6

National Union has already deposed two Lyndon witnesses and has unreasonably delayed seeking a Rule 30(b)(6) deposition. (Id., p. 8)

As for National Union's reliance on the Colorado bankruptcy court's ruling that Lyndon has relevant, discoverable information, Lyndon takes the position that because the Colorado bankruptcy court did not address the merits of the discovery National Union seeks from Lyndon, its denial of Plaintiffs' motion for a protective order is not relevant. (Id., p. 15)

**National Union's reply**

National Union replies that Lyndon's arguments regarding the relevance of the testimony sought rests on a misunderstanding of the Fidelity Bond policy. Specifically, the Fidelity Bond does not require Centrix to have actual notice of the fraud or misconduct for discovery to occur. Instead, the Bond only requires Centrix to be "aware of facts which would cause a reasonable person to assume that a loss of a type covered by this bond has been or will be incurred . . . even though the exact amount or details of loss may not then be known." (Doc. No. 7, p. 3; Fidelity Bond at Sec. 3, Doc. 1-3) To the extent the facts learned by Lyndon that caused it to believe a fraud occurred are also facts that Centrix knew, these facts are sufficient to show Centrix was "aware of facts which would cause a reasonable person to assume that a loss of a type covered by this bond has been or will be incurred . . ." Thus, the facts Lyndon knew—and the documents that contain these facts—could be highly relevant to whether there is coverage under the bond. (Id.)

With regard to Lyndon's argument that National Union delayed seeking a Rule 30(b)(6) deposition from Lyndon, and has already deposed its two most knowledgeable witnesses, Gregg Cariolano and Kayleen Carmody (see, Doc. No. 5 pp. 8, 13), National Union replies that

7

discovery was essentially on hold until January 2011 while a motion to withdraw the reference to the bankruptcy court was pending. (Doc. No. 7, p. 4) Depositions did not begin in this matter until December 2011, and National Union noticed Lyndon's 30(b)(6) deposition in June 2012. (Id.) Although National Union questioned two Lyndon employees at depositions in May 2012, both of these depositions were sought by Plaintiffs, and arranged by Plaintiffs and Lyndon. (Id., p. 5) Moreover, prior deposition testimony from individual fact witnesses does not relieve a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition, even when the same witness will testify in an individual and a corporate capacity. (Id., citing Smith v. General Mills, Inc., 2009 WL 2525462, at *5 (S.D. Ohio Aug. 13, 2009)).

National Union maintains that Lyndon's burden of producing a Rule 30(b)(6) witness does not outweigh the benefit to National Union, particularly since Plaintiffs claim to be without knowledge of the fraud alleged in Lyndon's lawsuit and unable to identify relevant documents. (Id. p. 6)

Finally, National Union reiterates that the information it seeks is not privileged merely because the facts were at some point communicated to or by Lyndon's outside counsel. (Id., p. 7) See, Sedco Int'l, S.A. v. Cory, 683 F.2d 1201, 1205 (8th Cir. 1982) ("clients cannot refuse to disclose facts which their attorneys conveyed to them and which the attorneys obtained from independent sources."); Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co., 137 F.R.D. 267, 278–79 (D. Neb. 1989) (finding a 30(b)(6) inquiry "seeking the facts supporting the allegations contained in the answer and counterclaim" did not violate attorney-client privilege or work-product protection).

**Lyndon's supplemental authority**

8

Lyndon submits an order from the United States District Court for the District of New Jersey, *In re Centrix Financial, LLC, et al.,* No. 12-6471 (AET) (December 18, 2012), granting a motion to quash a subpoena issued by National Union to Everest National Insurance Company seeking to compel a third-party Rule 30(b)(6) deposition on "virtually identical" topics noticed in the subpoena issued to Lyndon in this case. (Doc. No. 8)

**Discussion**

As discussed above, the factors required to be balanced by the trial court in determining the propriety of a subpoena are "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." In re NCAA Student-Athlete Name & Likeness Licensing Litigation, 2012 WL 4856968, at *2 (citations omitted). The Court is persuaded by the Colorado Bankruptcy court's ruling that Lyndon has relevant and discoverable information, and that a third deposition of a Lyndon designee is necessary and proper because National Union has already deposed two witnesses from Lyndon, both of whom disclaimed knowledge of the allegations in the Lyndon lawsuit. (Doc. No. 1-1, p. 4, ¶ 4) In this respect, the Colorado court went further in its ruling with respect to Lyndon than it did with Everest, the subject of the New Jersey District Court's order submitted by Lyndon. (See id., ¶ 3) Given that the Colorado court is closest to the facts of the pending adversary proceeding filed by Plaintiffs, this Court will defer to its determination of the relevance and propriety of the discovery sought in ruling on the instant motions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants National Union Fire Insurance Company and AIG Domestic Claims, Inc.'s Motion to Compel 30(b)(6) Deposition of Lyndon Property

Insurance Company [1] is **GRANTED.**

**IT IS FURTHER ORDERED** that Lyndon Property Insurance Company's Motion to Quash [5] is **DENIED**.

Dated this 25th day of June, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE